NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2022 IL App (4th) 200076-U

NOS. 4-20-0076, 4-20-0077, 4-20-0078 cons.

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
January 7, 2022
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v.     (No. 4-20-0076) | ) | Livingston County |
| JOSHUA KALLAS, | ) | No. 17CF368 |
| Defendant-Appellant. | ) | |
| ------------------------------------------------------------------- | ) | |
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | No. 18CF100 |
| Plaintiff-Appellee, | ) | |
| v.     (No. 4-20-0077) | ) | |
| JOSHUA KALLAS, | ) | |
| Defendant-Appellant. | ) | |
| ------------------------------------------------------------------- | ) | |
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | No. 18CF148 |
| Plaintiff-Appellee, | ) | |
| v.     (No. 4-20-0078) | ) | Honorable |
| JOSHUA KALLAS, | ) | Jennifer H. Bauknecht, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE HOLDER WHITE delivered the judgment of the court.
Justices Turner and Harris concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The appellate court affirmed, concluding the trial court did not abuse its discretion in sentencing defendant to consecutive terms of imprisonment for an aggregate term of 18 years' imprisonment because the court properly considered all relevant mitigating factors and evidence.

¶ 2   In Livingston County case No. 17-CF-368, the State charged defendant, Joshua Kallas, with aggravated driving under the influence of alcohol (DUI) (625 ILCS 5/11-501(a)(2) (West 2016)) (count I); unlawful possession of a stolen or converted motor vehicle (625 ILCS 5/4-103(a)(1) (West 2016)) (count II); and resisting a police officer (720 ILCS 5/31-1(a) (West

2016)) (count III). Defendant pleaded guilty to all three charges. In Livingston County case No. 18-CF-100, the State charged defendant with aggravated battery (720 ILCS 5/12-3.05(d)(11) (West 2016)). Following a bench trial, the trial court found defendant guilty of aggravated battery. In Livingston County case No. 18-CF-148, the State charged defendant with a hate crime (720 ILCS 5/12-7.1(a) (West 2018)) (count I); criminal damage to property (720 ILCS 5/21-1 (West 2016)) (count II); and disorderly conduct (720 ILCS 5/26-1(a)(1) (West 2016)) (count III). Following a bench trial, the court found defendant guilty of all three counts. Following a consolidated sentencing hearing, the court sentenced defendant to an aggregate sentence of 18 years' imprisonment.

¶ 3        Defendant appeals, arguing his consecutive sentences for a total of 18 years' imprisonment were excessive where the trial court failed to consider any mitigating factors and the offenses and past criminal history were nonviolent and driven by his alcohol addiction. We docketed defendant's appeals in Livingston County case No. 17-CF-368 as No. 4-20-0076, in Livingston County case No. 18-CF-100 as No. 4-20-0077, and in Livingston County case No. 18-CF-148 as No. 4-20-0078. We have consolidated defendant's cases for review. We affirm.

¶ 4                              I. BACKGROUND

¶ 5                  A. Livingston County Case No. 17-CF-368

¶ 6        In Livingston County case No. 17-CF-368, the State charged defendant with aggravated driving under the influence of alcohol (DUI) (625 ILCS 5/11-501(a)(2) (West 2016)) (count I); unlawful possession of a stolen or converted motor vehicle (625 ILCS 5/4-103(a)(1) (West 2016)) (count II); and resisting a police officer (720 ILCS 5/31-1(a) (West 2016)) (count III). In July 2019, defendant entered an open guilty plea to all three counts. At the guilty plea hearing, defendant indicated he understood that any sentence of imprisonment would be

consecutive to any sentences imposed in Livingston County case Nos. 18-CF-100 and 18-CF-148. The State provided the following factual basis for the plea:

> "On December 23, 2017, Angela Carver gave [defendant] a drive, a ride home from the bar with Mr. Fred. She left [defendant] in her vehicle to go inside. When she came back, [defendant] as well as the vehicle were gone. The vehicle and [defendant] were later located in Flanagan where this [d]efendant admitted he had driven. He said that he was driving drunk. He was unable to recall initially where he parked the vehicle.
>
> Based off the officer's observations of [defendant] which consisted of bloodshot, glassy eyes, stumbling as well as extremely slurred speech, Officer Jace Koerner engaged in a DUI investigation ultimately collecting blood which was tested at the Illinois State Police crime laboratory in Springfield, resulted in [0].24 blood alcohol content.
>
> Miss Carver gave a statement that the vehicle which had been taken by [defendant] was not by permission. That she had just met him that day and did not consent to it."

¶ 7                              B. Livingston County Case No. 18-CF-100

¶ 8        In Livingston County case No. 18-CF-100, the State charged defendant with aggravated battery (720 ILCS 5/12-3.05(d)(11) (West 2016)). In March 2019, the trial court held a bench trial. Albert O. Warnement, a nurse at St. James Hospital, testified that, in March 2018, he had contact with defendant when defendant was brought to the hospital for treatment.

According to Warnement, defendant "was just rowdy, belligerent, refusing treatment and care, threatening us, [and] threatening to leave." Warnement went into the room to try to talk defendant into cooperating with treatment. Warnement testified that defendant spat on him approximately halfway through the encounter. Defendant testified that he was highly intoxicated at the time of the incident and did not recall being belligerent or spitting on anyone. Defendant testified he had been drinking alcohol and had taken prescription medication for depression and anxiety. The trial court concluded the State met its burden of proof and found defendant guilty of aggravated battery.

¶ 9                                    C. Livingston County Case No. 18-CF-148

¶ 10          In Livingston County case No. 18-CF-148, the State charged defendant with a hate crime (720 ILCS 5/12-7.1(a) (West 2018)) (count I); criminal damage to property (720 ILCS 5/21-1 (West 2016)) (count II); and disorderly conduct (720 ILCS 5/26-1(a)(1) (West 2016)) (count III). In May 2019, the trial court held a bench trial. Ezra Millsap testified that, on May 20, 2018, he was driving home with friends at 12:30 a.m. According to Millsap, he encountered a man, later identified as defendant, riding a bicycle "in the middle of the road just kind of swerving." Millsap testified he stopped and asked defendant if he was okay, and Millsap could clearly tell defendant was intoxicated. Defendant asked for a ride and Millsap refused. Defendant then began calling Millsap and his friends "n*** lovers, pussies," before he ripped the rear windshield wiper off Millsap's vehicle. After defendant ripped the windshield wiper off, Millsap drove away and reported the incident to police. Defendant also stated, "Get out and fight me, you pussies." Two other witnesses testified to substantially the same events.

¶ 11          Defendant testified that, on May 20, 2018, he was riding his bicycle and a vehicle stopped and an occupant of the vehicle asked if defendant needed help. According to defendant,

the occupants of the vehicle began yelling at him, but he could not recall what they yelled. Defendant denied using vulgar language or damaging the vehicle. Defendant admitted he was intoxicated during the incident. The trial court concluded the three witnesses against defendant were credible and defendant's memory of the events was not as good, particularly where he admitted he was intoxicated. The court found defendant guilty of all three counts.

¶ 12                              D. Consolidated Sentencing

¶ 13          In October 2019, the trial court conducted a consolidated sentencing hearing for all three cases. Prior to the hearing, the probation department filed a presentence investigation (PSI) report. The PSI detailed defendant's lengthy criminal history, including felony convictions for: (1) burglary, (2) obstructing justice, (3) aggravated battery, (4) aggravated battery, (5) possession of a controlled substance, (6) possession of a controlled substance, (7) possession of a controlled substance, (8) theft, (9) possession of a controlled substance, and (10) criminal damage to government property. Defendant reported his childhood was abusive and his father was an alcoholic who abused defendant more than his siblings. Defendant's mother and some of his siblings had substance abuse issues. Defendant had four children: two 13-year-olds, one 12-year-old, and one 9-year-old, and the children's mother was in the Department of Corrections (DOC). Defendant married in 2018 and separated from his wife in 2019 because of his drinking. Defendant's estranged wife cared for the 13-year-olds, and the younger two children were in foster care in Bloomington.

¶ 14          Defendant completed ninth grade, received special education services, and struggled with his behavior. Defendant reported having past employment with McDonald's, Exact Packaging, Kentucky Fried Chicken, and recently roofing work. The report indicated

defendant was previously medicated for mental health issues and would like to go back on medication. Defendant admitted he tried to commit suicide twice.

¶ 15        According to the report, defendant endured a lifelong struggle with addiction to alcohol and drugs. After his most recent parole, defendant was drinking, smoking cannabis, and taking Adderall without a prescription. In July 2019, defendant moved to Danville and began using methamphetamine and cocaine daily. According to the report, defendant was referred for substance abuse treatment several times but he failed to successfully complete treatment. Defendant reported he did inpatient treatment in 2012 before being sentenced to prison. Defendant initiated outpatient treatment following his 2017 parole, went a few times, but then stopped going.

¶ 16        At the sentencing hearing, the State recommended an aggregate sentence of 18 years' imprisonment. Specifically, the State recommended a 10-year sentence on the aggravated DUI charge, and a 4-year sentence on the other two felony charges, to be served consecutively. The State noted defendant's extensive criminal history and that the offenses in Livingston County case Nos. 18-CF-100 and 18-CF-148 were committed while defendant was on bond in Livingston County case No. 17-CF-368. Defense counsel recommended probation with 180 days in the county jail and substance abuse treatment or, alternatively, a six-year sentence with a recommendation for the substance abuse counseling program at Sheridan Correctional Center.

¶ 17        Defendant made a statement in allocution and apologized to the victims, the court, and his family. Defendant acknowledged his lifelong struggle with addiction. Defendant stated his children were taken from him due to his addiction, and he expressed his desire to be the father he always wanted to be. Defendant requested "intense probation and rehab."

¶ 18　　　　The trial court began by acknowledging there were factors in aggravation and in mitigation at which it needed to look. The court noted defendant's lengthy criminal history stemming from his abuse of alcohol and drugs. The court acknowledged defendant's difficult upbringing but pointed out that defendant needed to accept responsibility and either become a law-abiding citizen or end up in prison. The court stated defendant's alcohol problem "create[ed] havoc in the community," and noted the aggravated DUI charge occurred while defendant was on parole. The court found deterrence was a strong aggravating factor and stated, "[T]his community doesn't tolerate any type of hate crime, racial slurs[,] or anything like that for, especially in a situation where these kids are really just trying to make sure you are okay."

¶ 19　　　　The trial court stated mitigating factors included whether defendant was likely to commit another crime and found that factor did not weigh in defendant's favor. The court considered substance abuse treatment but noted defendant had many opportunities to engage in treatment. The court stated, "We have tried. We have sent you to rehab. You successfully completed rehab. You were in DOC and then on parole at the time, and you were supposed to be doing rehab. And you're not doing, you're not taking responsibility *** [.]" Although defendant wanted to be a good father, the court stated defendant was unable to take care of himself much less to be a good example for children. The court found "no mitigating factors present."

¶ 20　　　　The trial court found probation would deprecate the seriousness of the offenses and would be inconsistent with the ends of justice. The court further found defendant was a risk of harm to society and a period of incarceration was necessary for the protection of the public. The court noted defendant was eligible for an extended term of 14 years' imprisonment on the aggravated DUI charge. In Livingston County case No. 17-CF-368, the court sentenced

defendant to concurrent terms of 10 years' imprisonment on the aggravated DUI charge and 7 years' imprisonment on the unlawful possession of a stolen or converted motor vehicle charge. In Livingston County case No. 18-CF-100, the court sentenced defendant to four years' imprisonment. In Livingston County case No. 18-CF-148, the court sentenced defendant to four years' imprisonment for the felony hate crime conviction. The court noted the sentences in case Nos. 17-CF-368, 18-CF-100, and 18-CF-148 were consecutive for an aggregate sentence of 18 years' imprisonment.

¶ 21    Defendant filed motions to reconsider in all three cases. The motions argued the sentences were "unduly harsh and punitive in consideration of all of the matters placed in evidence at the trial and sentencing hearing," and "defendant did not contemplate that his criminal conduct would cause or threaten serious physical harm to another, and the imprisonment of the defendant would entail excessive hardship to his dependents." At the hearing on the motion to reconsider, defense counsel reiterated defendant did not contemplate his actions would cause harm because his addiction impaired his ability to appreciate the consequences of his actions. Defense counsel pointed out that defendant maintained employment and provided financial support for his children. The State argued the 18-year sentence was within the range of a possible 30-year sentence. The State further argued defendant had an extensive criminal history, he struggled with alcohol addiction, and he posed a strong risk to the community.

¶ 22    The trial court stated it considered all appropriate factors, even if it did not mention a particular factor. The court stated the strong aggravating factors outweighed the mitigating factors. The court further noted the sentence was well within the range prescribed by statute. The court denied the motion to reconsider the sentence.

¶ 23    This appeal followed.

¶ 24                                    II. ANALYSIS

¶ 25        On appeal, defendant argues his consecutive sentences for a total of 18 years' imprisonment were excessive where the trial court failed to consider any mitigating factors and the offenses and past criminal history were nonviolent and driven by his alcohol addiction.

¶ 26        We afford a trial court's sentencing decision substantial deference. *People v. Snyder*, 2011 IL 111382, ¶ 36, 959 N.E.2d 656. A reviewing court will disturb a sentence within the statutory range for the offense only if the trial court abused its discretion. *People v. Flores*, 404 Ill. App. 3d 155, 157, 935 N.E.2d 1151, 1154 (2010). A trial court abuses its discretion only when imposing a sentence "greatly at variance with the spirit and purpose of the law, or manifestly disproportionate to the nature of the offense." *People v. Stacey*, 193 Ill. 2d 203, 210, 737 N.E.2d 626, 629 (2000).

¶ 27        The Illinois Constitution of 1970 mandates "[a]ll penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." Ill. Const. 1970, art. 1, § 11. Sentencing decisions must be based on a consideration of all relevant factors and the specific circumstances of each case. *People v. Fern*, 189 Ill. 2d 48, 53, 723 N.E.2d 207, 209 (1999). The court must not ignore relevant mitigating factors. *Flores*, 404 Ill. App. 3d at 157, 935 N.E.2d at 1154. "[A]bsent some affirmative indication to the contrary (other than the sentence itself), we must presume that the court considered all mitigating factors on the record." *People v. Jones*, 2014 IL App (1st) 120927, ¶ 55, 8 N.E.3d 470. The trial court is better able to consider these factors having observed the defendant and the proceedings. *Id.* A reviewing court must not reweigh the factors or substitute its judgment for that of the trial court. *Id.* ¶ 56.

¶ 28       The sentences imposed were neither greatly at variance with the spirit or purpose of the law nor manifestly disproportionate to the nature of the offenses. In case No. 17-CF-368, defendant pleaded guilty to a Class 2 aggravated DUI and a Class 2 unlawful possession of a vehicle committed while he was on parole. Defendant was eligible for an extended term of 7 to 14 years' imprisonment on the aggravated DUI conviction and a term of 3 to 7 years' imprisonment on the unlawful possession of a vehicle conviction. 730 ILCS 5/5-4.5-35(a) (West 2016). In case No. 18-CF-100, defendant was convicted of aggravated battery, and defendant was subject to a sentence of two to five years' imprisonment. 730 ILCS 5/5-4.5-40(a) (West 2016). In case No. 18-CF-148, defendant was convicted of a hate crime. Defendant was eligible for an extended term of three to six years' imprisonment. 730 ILCS 5/5-4.5-45 (West 2016). Thus, defendant faced a maximum aggregate sentence of 25 years' imprisonment. The State recommended an aggregate sentence of 18 years. We note defendant's extensive criminal history, which includes ten prior felony convictions. Moreover, defendant committed the aggravated DUI and unlawful possession of a vehicle while on parole and the offenses in case Nos. 18-CF-100 and 18-CF-184 while released on bond on felony charges. Given these circumstances, a sentence within the statutory guidelines is not manifestly disproportionate to the nature of the offense or greatly at variance with the spirit and purpose of the law. *Stacey*, 193 Ill. 2d at 210, 737 N.E.2d at 629.

¶ 29       Defendant argues the trial court ignored factors in mitigation, including defendant's ability to work and support his children. We disagree. The record shows the trial court expressly noted it was considering factors in aggravation and mitigation. The court noted defendant's lengthy criminal history stemming from his abuse of alcohol and drugs. The court acknowledged defendant's difficult upbringing but pointed out that defendant needed to accept

responsibility and either become a law-abiding citizen or end up in prison. The court also considered defendant's addiction and the role alcohol played in his criminal conduct. However, the court did not find that to be of much weight in mitigation where his drinking "create[ed] havoc in the community."

¶ 30 The trial court also stated mitigating factors included whether defendant was likely to commit another crime and found that factor did not weigh in defendant's favor. The court considered substance abuse treatment but noted defendant had many opportunities to engage in treatment. Although defendant wanted to be a good father, the court stated defendant was unable to take care of himself much less to be a good example for children. The court found "no mitigating factors present." Further, at the hearing on the motion to reconsider sentence, the court stated it considered all appropriate factors, even if it did not mention a particular factor. The court stated the strong aggravating factors outweighed the mitigating factors.

¶ 31 Our review of the record shows the trial court carefully considered all the evidence before it, including the evidence in mitigation. We will not reweigh the factors or substitute our judgment for that of the trial court. Accordingly, we affirm the judgment of the trial court.

¶ 32                                      III. CONCLUSION

¶ 33 For the reasons stated, we affirm the trial court's judgment.

¶ 34 Affirmed.