NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 220589-U

NO. 4-22-0589

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
May 2, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | McLean County |
| JOANNA SUE PERSCHALL, | ) | No. 20CF1007 |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | Honorable |
| | ) | William A. Yoder, |
| | ) | Judge Presiding. |

JUSTICE DOHERTY delivered the judgment of the court.
Justices Steigmann and Zenoff concurred in the judgment.

**ORDER**

¶ 1    *Held*: The trial court did not abuse its discretion in sentencing defendant to an extended-term sentence of four years in prison for possession of a controlled substance.

¶ 2    In January 2022, a jury found defendant Joanna Sue Perschall guilty of possession of a controlled substance (720 ILCS 570/402(c) (West 2020)). Defendant was eligible for extended-term sentencing due to her criminal history, and the trial court sentenced her to four years in prison.

¶ 3    On appeal, defendant argues the trial court abused its discretion in sentencing her to an extended-term sentence by failing to consider her addiction and recent successful treatment as mitigating factors. We affirm.

¶ 4                                    I. BACKGROUND

¶ 5        The evidence presented at defendant's jury trial showed that in September 2020, Officer Alex Freshour of the Bloomington Police Department conducted a traffic stop after defendant's vehicle struck a curb. The traffic stop resulted in a search of defendant. During the search, Officer Freshour located a tinfoil package containing a gray, powdery, rock-like substance and a spoon in defendant's jacket pocket. A further search of defendant's vehicle produced an Ibuprofen bottle containing a similar substance and a red straw. Both substances field tested positive for heroin. Only the substance found in the tinfoil package was sent to the Illinois State Police for laboratory testing, where it was identified as heroin. Defendant acknowledged the items found in her pocket but testified she had never seen the Ibuprofen bottle before.

¶ 6        The jury found defendant guilty of possession of a controlled substance, less than 15 grams of heroin (720 ILCS 570/402(c) (West 2020)). The trial court set the matter for sentencing.

¶ 7        The presentence investigation report (PSI) was completed without input from defendant, and some information was taken from a PSI completed in February 2017. The PSI detailed defendant's extensive criminal history. In addition to defendant's extensive traffic infractions, defendant had prior convictions for (1) possession of a controlled substance, a Class 4 felony, in 2015, for which she received 24 months' probation, which was terminated unsuccessfully; (2) attempted forgery, a Class A misdemeanor, in 2015, for which she received 40 days in jail; (3) possession of a controlled substance, a Class 4 felony, in 2015, for which she received 30 months' probation, which was terminated unsuccessfully; (4) conspiracy to rob a financial institution, a Class 2 felony, and disorderly conduct for transmitting a false bomb alarm, a Class 3 felony, in 2016, for which she received 30 months' probation, which was terminated

unsuccessfully; and (5) possession of a controlled substance, a Class 4 felony, in 2020, for which she received 1 year in prison.

¶ 8    According to information taken from the 2017 PSI, defendant began using heroin in 2001. She reported a pattern of use of " 'a bag' " a day since 2012. Defendant had an extensive history of completing substance abuse evaluations and failing to complete treatment. In 2007, defendant successfully completed residential treatment and was transferred to outpatient counseling; she "did well" and was successfully discharged. In 2019, defendant was referred to drug court for screening, but she declined the program. Defendant either admitted to using heroin or tested positive for heroin throughout her probation attempts. As of the date of the PSI, defendant tested negative of 18 of the 42 scheduled drug screens in ongoing proceedings related to the Illinois Department of Children and Family Services (DCFS), and she failed to appear for the remaining 24. In September 2021, defendant received a certificate of completion for intensive outpatient substance abuse treatment. Defendant showed "multiple green flags of recovery," including "long term abstinence; fulltime employment; obtaining a vehicle; and improving family relations." One of defendant's employers described her job performance as " 'amazing' " and stated " '[a]ny business would be fortunate to have her.' "

¶ 9    On April 22, 2022, defendant failed to appear for the sentencing hearing and the trial court issued a warrant for her arrest. An updated PSI was filed after her arrest. Defendant explained she missed the sentencing hearing because she " 'forgot about court, was in Tazewell County, did not have gas money, [and] was not aware a warrant would be issued.' "

¶ 10    Defendant's sentencing hearing commenced on May 6, 2022. In aggravation, the State presented evidence the weight of the heroin in question was 0.8 grams with packaging and approximately 0.5 grams without packaging. Defendant presented no evidence in mitigation. The

State recommended a term of imprisonment, noting defendant's extended-term eligibility, and defense counsel requested a community-based sentence.

¶ 11	Defendant gave a statement in allocution, in which she stated she had been clean for 19 months and had "turned [her] life around." She also discussed her personal struggles as a victim of domestic violence, with DCFS, and with homelessness, along with her efforts to turn her life around.

¶ 12	The trial court stated it considered all evidence presented, the original and updated PSIs, all arguments of counsel, statutory factors in aggravation and mitigation, and "all the relevant factors that a court should consider when imposing a sentence in a serious felony case." The court expressly noted it did not consider that defendant did not cooperate with the preparation of the PSI. The court highlighted defendant's "horrible heroin[ ] addiction" and prior unsuccessful attempts at probation. The court acknowledged defendant's recent completion of treatment. However, the court also discussed defendant's failure to report for "probably half" of the recent drug screens, which are considered failed tests, "in other words, positive tests which would indicate an ongoing issue." The court also found, "an appropriate sentence in this case might have been a specialty court sentence which the Defendant was offered back in 2019 when she met with the program coordinator for the drug court." However, defendant declined the drug court program. The court determined a community-based sentence would deprecate the seriousness of the offense and sentenced defendant to four years in the Illinois Department of Corrections.

¶ 13	Defendant filed a motion to reconsider her sentence. At the hearing, counsel argued the extended-term sentence defendant received was unwarranted "given the facts of the offense and her background and the tremendous strides she's made." Counsel requested the trial court reduce defendant's sentence "at the very least to something less than an extended term sentence."

The State reiterated defendant's eligibility for extended-term sentencing. The court noted it "highlighted and put a star next to" a couple of positive factors to consider from defendant's PSI, including her employment and successful treatment. However, the court also noted it highlighted negative factors as well. The court ultimately denied defendant's motion to reconsider her sentence.

¶ 14        This appeal followed.

¶ 15                              II. ANALYSIS

¶ 16        On appeal, defendant argues the trial court abused its discretion by sentencing her to four years' imprisonment despite her successful completion of substance abuse treatment.

¶ 17        When imposing a sentence, the trial court has broad discretionary powers, and its ultimate sentencing decision is entitled to great deference. *People v. Alexander*, 239 Ill. 2d 205, 212 (2010). The court's sentencing determination must be based on the particular circumstances of each case and include consideration of "the defendant's credibility, demeanor, general moral character, mentality, social environment, habits, and age." *People v. Fern*, 189 Ill. 2d 48, 53 (1999). "[A] reviewing court may not modify a defendant's sentence absent an abuse of discretion." *People v. Snyder*, 2011 IL 111382, ¶ 36. "A sentence will be deemed an abuse of discretion where the sentence is greatly at variance with the spirit and purpose of the law, or manifestly disproportionate to the nature of the offense." (Internal quotation marks omitted.) *Alexander*, 239 Ill. 2d at 212.

¶ 18        Here, defendant was sentenced for possession of a controlled substance, less than 15 grams of heroin, a Class 4 felony (720 ILCS 570/402(c) (West 2020)). Section 5-4.5-45(a) of the Unified Code of Corrections provides the sentencing range for a Class 4 felony is one to three years' imprisonment. 730 ILCS 5/5-4.5-45(a) (West 2020). Due to her criminal history, defendant

was eligible for discretionary extended-term sentencing. (730 ILCS 5/5-5-3.2(b)(1) (West 2020)). An extended term for a Class 4 felony has a range of three to six years in prison. 730 ILCS 5/5-4.5-45(a) (West 2020). Therefore, the trial court had discretion to sentence defendant to a term of imprisonment within a one-to-six-year range. 730 ILCS 5/5-4.5-45(a) (West 2020).

¶ 19         "[D]rug addiction is not an explicit factor in mitigation or aggravation." *People v. Sturgeon*, 2019 IL App (4th) 170035, ¶ 105; see also 730 ILCS 5/5-5-3.1, 5-5-3.2 (West 2020). Accordingly, "the trial court is not required to view drug addiction as a mitigating factor." *Sturgeon*, 2019 IL App (4th) 170035, ¶ 105; see also *People v. Madej*, 177 Ill. 2d 116, 139 (1997). "Instead, a history of substance abuse is a 'double-edged sword' that the trial court may view as a mitigating or aggravating factor." *Sturgeon*, 2019 IL App (4th) 170035, ¶ 105 (quoting *People v. Mertz*, 218 Ill. 2d 1, 83 (2005)).

¶ 20         Defendant argues the trial court erred where it did not consider her substance abuse as a mitigating factor. Defendant further contends her successful completion of an outpatient substance abuse program demonstrated addiction was no longer hindering her rehabilitation, and thus defendant's prior failures on probation, which were the result of her addiction, should not have been considered in aggravation.

¶ 21         Defendant's successful completion of substance abuse treatment is commendable. The trial court clearly agreed, noting at the hearing on defendant's motion to reconsider it had "highlighted and starred" the outpatient treatment in the PSI. However, the treatment was not the only evidence before the court related to defendant's addiction. Even after completing treatment, defendant failed to appear for 7 of 14 drug screenings. The court considered these failures to appear as presumed failed tests. Thus, the court reasonably considered defendant's substance abuse issues to be ongoing. Moreover, defendant had two decades of substance abuse issues. The PSI detailed

defendant's history of engaging and disengaging with treatment. It was not an abuse of discretion for the trial court to give little weight to defendant's recent successful treatment.

¶ 22       Further, even if the trial court were to consider defendant's addiction as a mitigating factor, there were other significant aggravating factors to weigh against it. Defendant had a significant criminal history, which could not be negated by defendant's recent successes in treatment. Defendant also had a notable history of failing to comply with probation. Defendant argues her prior failures at probation were connected to her addiction, yet defendant failed to comply with the set requirements even after she completed treatment. As discussed, she failed to appear for half the required drug tests in her DCFS case after her treatment, and she failed to appear for her initial sentencing hearing, resulting in a warrant being issued for her arrest.

¶ 23       As stated, the trial court has broad discretion in fashioning a sentence. *Alexander*, 239 Ill. 2d at 212. In this case, the record does not support a finding that the court abused its discretion in sentencing defendant to a median sentence within the available range.

¶ 24                    III. CONCLUSION

¶ 25       For the reasons stated, we affirm the trial court's judgment.

¶ 26       Affirmed.