2026 IL App (1st) 250329-U

No. 1-25-0329

Order filed June 12, 2026

Sixth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 24 CR 1786 |
| | ) | |
| EPIGMENIO VENANCIO-HERNANDEZ, | ) | Honorable |
| | ) | Joseph Michael Cataldo, |
| Defendant-Appellant. | ) | Judge Presiding. |

_____

JUSTICE GAMRATH delivered the judgment of the court.
Justices Pucinski and Hyman concurred in the judgment.

**ORDER**

¶ 1    *Held*:   We affirm a 14-year sentence for predatory criminal sexual assault of a child under age 13 where the sentence is not excessive.

¶ 2    Following a jury trial, defendant Epigmenio Venancio-Hernandez was found guilty of predatory criminal assault of a child under age 13 (720 ILCS 5/11-1.40(a)(1) (West 2018)) and sentenced to 14 years in prison. He appeals, arguing the sentence is excessive due to the facts of the case, his minimal criminal history, his rehabilitative potential, and a prior six-year plea offer

from the State, which he refused. We reject these arguments. The trial court made a strong record, thoughtfully considered all relevant factors, and imposed a fair sentence on the low end of the statutory range. There is no basis to reverse.

¶ 3                                   STANDARD OF REVIEW

¶ 4      The imposition of a sentence is left to the sound discretion of the trial court and will not be altered on review absent an abuse of that discretion. *People v. Alexander*, 239 Ill. 2d 205, 212 (2010).  An abuse of discretion will be found only where the sentencing court's ruling is arbitrary, fanciful, unreasonable, or where no reasonable person would take the view adopted by the trial court. *People v. Hall,* 195 Ill. 2d 1, 20 (2000). The trial court is granted such deference because it is in a better position than the reviewing court to determine the appropriate sentence, as it has the firsthand opportunity to weigh factors such as the defendant's credibility, demeanor, general moral character, mentality, social environment, habits, and age. *People v. Snyder*, 2011 IL 111382, ¶ 36. In determining an appropriate sentence, relevant considerations include the nature and seriousness of the crime, the protection of the public, deterrence, and punishment, as well as the defendant's rehabilitative prospects. *People v. Kolzow*, 301 Ill. App. 3d 1, 8 (1998). The weight to be attributed to each factor in aggravation and mitigation depends upon the circumstances of the case. *Id.*

¶ 5      Unless there is evidence to the contrary, a sentence imposed within the statutory sentencing range is presumed to be proper. See *People v. Thompson*, 2020 IL App (1st) 171265, ¶ 105. The sentencing range for predatory criminal sexual assault of a child under 13 years of age is 6 to 60 years' imprisonment. 720 ILCS 5/11-1.40(b)(1) (West 2018). Venancio-Hernandez received 14 years.

¶ 6                                    ANALYSIS

¶ 7      Despite receiving a sentence on the low end of the statutory range, Venancio-Hernandez contends the sentence is excessive considering the facts of the case, his minimal criminal history, his rehabilitative potential, and "the State's belief that a six-year term was appropriate in this case." We address these arguments in turn.

¶ 8      First, Venancio-Hernandez argues that his 14-year sentence is an abuse of discretion because the trial court failed to consider the relative seriousness of the offense and specific facts of the case. He contends that the incident involved the "least serious conduct" permitted under the statute, specifically, brief touching of An.S's vulva with no penetration, and that the sentence should reflect this distinction. We believe it does.

¶ 9      Venancio-Hernandez conveniently omits An.S.'s testimony that she was only eight to nine years old when she was abused by Venancio-Hernandez, her mother's live-in boyfriend. She testified that when her mother was at work, Venancio-Hernandez called An.S. into the bedroom where he was lying in bed alone, covered with a blanket. He told An.S. to sit between him and the wall, and when she sat down, he placed his hand on her thigh, over her shorts. He then moved his hand up her inner thigh, on her skin, toward her vagina area. Although she told him to stop, he touched the skin of her vagina under her underwear and rubbed it in circular motions for a few seconds. After Venancio-Hernandez refused to move his hand, An.S. grabbed his hand and moved it away. He was smirking. As An.S. stood to leave, Venancio-Hernandez told her not to tell anyone.

¶ 10      An.S. also testified about a separate incident that occurred in April or May 2023. That time she and Venancio-Hernandez were alone in the house when Venancio-Hernandez grabbed her "butt" with one hand and squeezed. He smirked and grabbed his "penis area" with his other hand.

An.S. pushed Venancio-Hernandez away and left the room. Additionally, An.S.'s older sister Ar.S. testified that when she was between 13 and 14 years old, Venancio-Hernandez "touched [her] in an inappropriate way" by grabbing and releasing her breast while she was sleeping. Ar.S. then heard her mother say to him, "[D]id you touch her boob?" Venancio-Hernandez answered, "[N]o." The next morning, she told her mother, "[Y]es, he did do that," but her mother "brushed it off."

¶ 11 As the trial court observed, Venancio-Hernandez was in a position of trust and authority when he committed the sexual act against An.S. and he also "threatened" her not to tell anyone what happened. Although Venancio-Hernandez disputes the court's characterization of his directive as a "threat," An.S. unequivocally testified that he told her not to tell anyone. Viewed in context, the court reasonably treated this statement as a threat to a young victim and did not violate Venancio-Hernandez's due process rights or misremember the testimony in imposing sentence. See *People v. Zwart*, 151 Ill. 2d 37, 45 (1992) ("We recognize that victims of sexual abuse are often threatened not to tell anyone about the abuse, and that such threats may explain a child's delay in reporting abuse."); *People v. O'Brien*, 74 Ill. App. 3d 256, 259 (1979) ("There was also [the defendant's] implied threat in telling [the victim] not to tell anyone.").

¶ 12 Venancio-Hernandez downplays the offense, but his illegal actions caused greater harm than he admits. In a victim impact statement, An.S. stated, "[M]y childhood was ruined," and explained that her life has changed forever, noting "I will never let anyone hug me, touch me or even get really close to me without making me uncomfortable." She continued, "You took that innocen[ce] of a little girl, and I truly hope you will suffer in prison and for the rest of your life like I will have to as well." Her sister Ar.S. also wrote how she "dreaded coming home knowing what [Venancio-Hernandez] did not once or twice but many times having to lock and triple lock

my window and door to be able to sleep somewhat peacefully, having to live in constant fear when I was home alone." She also related that she suffered fear, anxiety, and depression because of his actions. In these circumstances, we cannot find that the record indicates the trial court failed to adequately consider the relative facts of this case in imposing an appropriate sentence.

¶ 13    Next, Venancio-Hernandez argues his 14-year sentence is excessive considering his minimal criminal history and rehabilitative potential. We disagree.

¶ 14    At sentencing, the court considered the PSI, the parties' arguments, and the relevant factors in aggravation and mitigation. The PSI reflected that Venancio-Hernandez had three pending cases and five prior convictions, including a 2009 felony conviction for aggravated DUI. It also detailed his personal history: he was born in Mexico, grew up in poverty, lost his father at age eight, left school after second grade, and immigrated to the United States at 13 to help support his family. Before his incarceration, he worked two full-time jobs, reported supportive relationships with family and friends, denied gang affiliation, and denied any significant substance-abuse or mental-health issues.

¶ 15    In aggravation, the State presented evidence concerning the three other pending cases involving allegations of sexual touching and attempted sexual assault of An.S. and Ar.S. The State also noted additional allegations by An.S. of repeated prior abuse and other inappropriate conduct. In mitigation, defense counsel emphasized Venancio-Hernandez's difficult upbringing, limited education, and steady work history, and requested the minimum sentence.

¶ 16    The trial court expressly stated that it had considered the PSI, counsel's arguments, Venancio-Hernandez's history and character, and all aggravating and mitigating factors, whether specifically mentioned or not. The court also gave due regard to both the seriousness of the offense

and the goal of restoring Venancio-Hernandez to useful citizenship. In imposing sentence, the court noted that the victim was eight to nine years old, that Venancio-Hernandez occupied a position of trust or authority, and that he threatened the victim not to disclose the abuse. The court further acknowledged that Venancio-Hernandez's criminal history was nonviolent and "not very significant," that he had grown up in poverty, and that he had been employed in two full-time jobs before his arrest.

¶ 17    The record thus defeats Venancio-Hernandez's claim that the court failed to account for his limited criminal history. On the contrary, the court expressly recognized that history as modest and nonviolent. Venancio-Hernandez's argument therefore asks this court to reweigh the sentencing factors and substitute its judgment for that of the trial court, which we may not do. See *People v. Fern*, 189 Ill. 2d 48, 53 (1999) ("In considering the propriety of a sentence, the reviewing court must proceed with great caution and must not substitute its judgment for that of the trial court merely because it would have weighed the factors differently.").

¶ 18    Nor does the record support Venancio-Hernandez's claim that the court overlooked his rehabilitative potential. The information he now relies on—his family support, work history, lack of gang involvement, and absence of ongoing substance-abuse issues—was before the court through the PSI and mitigation argument. Absent some indication to the contrary, we presume the court considered that evidence. See *People v. Kindle*, 2021 IL App (1st) 190484, ¶ 67. We find no contrary indication here.

¶ 19    Venancio-Hernandez further contends that rehabilitation should have carried greater weight and disputes the proposition that the seriousness of the offense is the most important sentencing factor. But Illinois law is settled that, although penalties must reflect both the

seriousness of the offense and the objective of restoring the offender to useful citizenship, the seriousness of the offense remains the most important sentencing consideration and "a defendant's rehabilitative potential is not entitled to greater weight than the seriousness of the offense." (Internal quotation marks omitted.) *People v. Alexander*, 239 Ill. 2d 205, 214 (2010); *Ill. Const. 1970*, art. I, § 11; see also *People v. Hussain*, 2024 IL App (1st) 230471, ¶ 44. On this record, the trial court did not abuse its discretion in imposing a 14-year sentence.

¶ 20    Lastly, Venancio-Hernandez argues that his 14-year sentence is excessive where it is "far harsher" than the 6-year term the State had offered him if he were to plead guilty. Venancio-Hernandez cites no authority in support of this argument. In contrast, this court has held that, unless the trial court was involved in the plea-bargaining process, whatever the State may have offered a defendant during pretrial plea negotiations is irrelevant when determining whether a trial court abused its discretion in fashioning a sentence. See, *e.g.*, *People v. Walker*, 2021 IL App (4th) 190073, ¶ 71; *People v. Schnoor*, 2019 IL App (4th) 170571, ¶ 93. Here, the court was not a party to the plea negotiations and, thus, whatever the State may have offered during plea negotiations is irrelevant. Venancio-Hernandez still managed to receive a sentence 46 years short of the statutory maximum. See 720 ILCS 5/11-1.40(b)(1).

¶ 21    For the reasons explained above, we affirm the judgment of the circuit court.

¶ 22    Affirmed.